Julie C. Erickson, State Bar No. 293111 (julie@eko.law)
Elizabeth A. Kramer, State Bar No. 293129 (elizabeth@eko.law)
Kevin M. Osborne, State Bar No. 261367 (kevin@eko.law)
**Erickson Kramer Osborne LLP**
44 Tehama Street
San Francisco, CA 94105
Phone: 415-635-0631
Fax: 415-599-8088

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN WARD, DAVID KREVAT, and NABIL MOHAMAD, individually and on behalf of others similarly situated,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>JUMP TRADING, LLC; JUMP CRYPTO HOLDINGS LLC; and DOES 1-10<br><br>　　　Defendants. | Case No.: 3:25-cv-03989-PHK<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY**<br><br>Date:　October 9, 2025<br>Time:　1:30 p.m.<br>Dept:　Courtroom F, 15th Floor<br><br>Judge:　Hon. Peter H. Kang |

**Statement of Issues to Be Decided**

Pursuant to the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, Rule 7-4(a)(3), Plaintiffs ask the Court to rule on the following issues:

a. Whether a discovery motion filed without leave of the Court and without completing the meet and confer process required under the Court's Standing Orders on Civil Discovery should be denied;

b. Whether a motion to compel arbitration that requires substantial discovery and is facially defective on the merits can serve as the basis to stay discovery;

c. Whether a motion to dismiss that requires substantial discovery and is facially defective on the merits can serve as the basis to stay discovery; and

d. Whether a motion to stay should be denied for failure to establish with particularity good cause for such relief.

# INTRODUCTION

On July 9, 2025, Defendants Jump Trading, LLC, and Jump Crypto Holdings LLC ("Defendants" or "Jump") moved the Court to dismiss, compel arbitration, and stay discovery. Dkt. 32. Plaintiffs Austin Ward, David Krevat, and Nabil Mohamad ("Plaintiffs") hereby oppose the Motion to Stay ("the Motion").[1]

The Motion was filed without leave of Court and without the benefit of the robust meet and confer process required under the Court's Standing Orders on Civil Discovery. Furthermore, both the motion to compel arbitration and the motion to dismiss Jump relies on in its request for the stay are based on documents and arguments that require substantial discovery. Even absent discovery, these motions face such low odds of success that no stay is warranted. And finally, Jump has failed to establish with particularity the good cause necessary to justify a stay. Accordingly, the Motion should be denied and discovery should proceed.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Basis of Plaintiffs' Claims

Plaintiffs were investors who used the services of digital asset investment companies called "wallet apps." Dkt. 1 (Class Action Complaint) at ¶¶ 12-14. Wallet apps accepted investor funds and invested them in so-called "stablecoins," or digital assets that claimed to keep a peg to a real world asset like fiat currency. *Id*. at ¶¶ 27-30. The wallet apps offered stable, annual percentage yield from interest earned on deposits, much like a savings account at a traditional bank. *Id*. Because traditional banks shied away from digital assets, the wallet apps used a trust company based in Nevada called Prime Trust to facilitate its cash transfers, deposits, withdraws, and custodial services for the investments involved. *Id*. at ¶ 31. When the TerraUSD stablecoin, which was supposedly pegged to the U.S. dollar, began to lose its value unexpectedly in May 2022, Plaintiffs and thousands of other investors called on their wallet apps to withdraw their funds. *Id*. at ¶¶ 45-46. The wallet apps, in turn, submitted sell orders to Prime Trust. *Id*. at ¶ 47.

---

[1] By stipulation and order of the Court, Plaintiffs' opposition to Jump's motion to compel arbitration and dismiss is to be filed on or before September 8, 2025. Dkt. 14.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY;
CASE NO.: 3:25-CV-03989-PHK

1

But Prime Trust would not fill the orders. *Id*. TerraUSD rapidly collapsed in value, costing investors billions in losses. *Id*. at ¶ 48.

Wallet app users, seeking answers, demanded Prime Trust explain why it would not allow them to withdraw their funds. *Id*. at ¶ 49. Prime Trust responded, publicly claiming that its TerraUSD "liquidity provider," which at that time remained unnamed, stopped servicing orders when the instability started. *Id*. at ¶ 47. Prime Trust ultimately revealed that the unnamed liquidity provider was Defendant Jump Trading in litigation in 2023. Dkt. 1 at ¶ 51. Jump was also the focus of regulatory scrutiny in 2023 for its partnership with the creator of TerraUSD, Terraform Labs, which was exposed as the orchestrator of a massive fraudulent scam. *Id* at ¶ 52. Through the Prime Trust litigation and the Terraform Labs enforcement action, Jump's previously secret agreements to serve as TerraUSD's market maker came to light. *Id* at ¶¶ 52-53.

### B. Procedural Status

Plaintiffs filed their Class Action Complaint on May 7, 2025. Dkt. 1. Plaintiffs alleged that they were third party beneficiaries of Jump's contractual promise to serve as a market maker for TerraUSD. *Id*. On May 8, 2025, Plaintiffs served the Summons and Complaint, along with this Court's Standing Orders and several other documents. Dkt. 5 & 6.

The Parties held a Rule 26(f) conference on June 18, 2025. Declaration of Kevin Osborne ("Osborne Decl."), ¶ 2. During this call, counsel for Jump indicated they intended to move to dismiss, to compel arbitration, and for an order staying discovery, all of which counsel for Plaintiffs stated they would oppose. *Id*. Also during the call, counsel for Plaintiffs proposed phasing discovery in some manner to avoid litigating a blanket stay. *Id*. Jump never responded to this proposal, never made further efforts to meet and confer, and never proposed or filed a joint letter to the Court regarding a stay of discovery. *Id*. at ¶ 3.

### LEGAL STANDARD

Under Rule 26(b) of the Federal Rule of Civil Procedure, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense." Fed. R. Civ. P. 26(b). The right to discovery is sacrosanct. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). As such, the Rules "do not provide for automatic or blanket stays of discovery" when a

potentially dispositive motion is pending. *San Francisco Tech. v. Kraco Enterprises LLC*, 2011 WL 2193397, at *2 (N.D. Cal. June 6, 2011). And in fact, "district courts tend to look unfavorably upon such blanket stays" while motions to dismiss are pending because they are "directly at odds with the need for expeditious resolution of litigation." *Id.* at *2 (cleaned up).

A court may stay discovery only upon a showing of good cause. Fed. R. Civ. P. 26(c)(1). The moving party carries a "heavy burden of making a strong showing why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. Oct. 25, 1990) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975)). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect." *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2018 WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018). They do not. Nor does a motion to compel arbitration preordain a stay of discovery.

## ARGUMENT

This Motion should be denied first and foremost because it ignores the procedural requirements of discovery disputes in this Court. For three additional and independent reasons, the Motion should be denied for its failure to meet the "heavy burden" required in this District to stay discovery. *Gray*, 133 F.R.D. 39, 40 (N.D. Cal. 1990): (1) the motion to compel arbitration requires discovery to be decided, (2) a peek at Jump's motions to compel arbitration and to dismiss does not reveal grounds sufficient to stay all discovery, and (3) as no discovery has been served except for six document requests directly related to these motions, Jump cannot make the particularized showing of disproportionality needed for a stay. Accordingly, the Motion fails out of the gate and should be denied.

**A. Jump Failed to Comply with the Court's Standing Orders by Prematurely Filing a Motion that May Have Been Obviated**

Litigants in this judicial district must know and comply with the applicable standing orders before filing motions. Civil L.R. 1-5(o); *see also*, *Washburn v. Morgado*, 2005 WL 1030223, at *3 (N.D. Cal. May 3, 2005). The Standing Order for Discovery in Civil Cases Before Magistrate Judge Peter H. Kang (*Effective* June 1, 2023) ("the Standing Order"), which

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY;
CASE NO.: 3:25-CV-03989-PHK

Plaintiffs served on Jump one day after filing the complaint, requires parties to submit all discovery disputes to the Court via joint letter within five business days of an in-person or video conference meet and confer. *Id.* at § H(3). "[N]o motions regarding discovery disputes may be filed without prior leave of the Court." Standing Order at § H. The Standing Order applies to motions to stay discovery. *See, e.g.*, *Rubke v. ServiceNow, Inc.*, 2024 WL 4540756, at *1 (N.D. Cal. Oct. 21, 2024).

      Jump's approach here was ready, fire, aim. Jump failed to comply with the meet and confer requirements of the Standing Order by holding only a single meet and confer call, which is unmentioned in the declarations accompanying its Motion, and which occurred weeks before its filing. *See generally*, Dkt. 33 & 34; Osborne Decl. at ¶ 2. After this brief conversation, there was no meeting of lead trial counsel, as is required under the Standing Order. Standing Order at § H(2); Osborne Decl. at ¶ 3. Had Jump engaged in earnest in meet and confer efforts, it is possible this Motion would have been averted, as Plaintiffs were willing to negotiate limits to discovery at this early stage of the case. Osborne Decl. at ¶ 3. Jump further failed to comply with the Court's joint letter requirement, which, again, may have averted the need for this Motion by giving the Court the opportunity to diffuse the dispute. Without leave of the Court, Jump filed this Motion, seeking "to stay discovery until this motion is fully resolved" on July 9, 2025. Dkt. 32, Motion to Dismiss or Compel Arbitration and Stay, at p. 2. As the Standing Order makes clear, "[t]he Court fully expects counsel to meet their obligations under this Standing Order and under the Local Rules." Standing Order at § H(3). The Court should deny Jump's Motion for its failure to observe these rules. *See,* Standing Order at § A ("Failure to comply ... may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions").

**B. Jump's Motion to Compel Arbitration Requires Discovery and Is Nearly Certain to Be Denied, as It Has Been Multiple Times Before**

      Courts in this District consider two factors when weighing a potential stay of discovery after a motion has been filed: (1) whether the pending motion is potentially dispositive of the entire case, and (2) whether the pending motion can be decided absent additional discovery.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY;
CASE NO.: 3:25-CV-03989-PHK

4

*Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *2 (N.D. Cal. Apr. 10, 2020) "[I]f either prong of this test is not established, discovery proceeds." *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003). "In applying this two-factor test, the court must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." *Serenium, Inc. v. Zhou*, 2021 WL 7541379, at *1 (N.D. Cal. Feb. 11, 2021) (citation omitted).

District courts are divided on whether a motion to compel arbitration is a dispositive motion. *Langell v. Ideal Homes LLC*, 2016 WL 8711704, at *2 (N.D. Cal. Nov. 18, 2016) (collecting cases and noting the Ninth Circuit has not considered the issue). There is a strong argument that such motions are non-dispositive as the Court would retain the power to undo an arbitrator's ruling. *Herko v. Metro. Life Ins. Co.*, 978 F. Supp. 141, 142 (W.D.N.Y. 1997) ("the FAA provides that there is no final exercise of Article III power until after arbitration is complete and the arbitrator's decision is either affirmed, modified, or vacated by the district court judge where the actions remain lodged"). Regardless, a stay is unwarranted here because Jump's motion to compel arbitration requires discovery, and, upon a preliminary peek, Jump's motion to compel arbitration seeks an unlikely if not impossible outcome.

   1. *The Motion to Compel Arbitration Requires Discovery*

The factual issues raised by the various contracts Jump relies on will almost certainly require discovery, particularly because the motion to compel arbitration will be adjudicated on "a standard similar to that found in Federal Rule of Civil Procedure 56 for motions for summary judgment." *See Smith v. H.F.D. No. 55, Inc.*, 2016 WL 881134, at *4 (E.D. Cal. Mar. 8, 2016). "[O]nly when no genuine disputes of material fact surround the arbitration agreement's existence and applicability may the court compel arbitration." *Smith*, 2016 WL 881134, at *4 (citing *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1141 (9th Cir. 1991)).

Plaintiffs were not in possession of these contracts until days before the motion to compel arbitration was filed. Osborne Dec. at ¶ 4. Plaintiffs should be afforded discovery to analyze their enforceability. For example, there is no information available to Plaintiffs regarding the formation of these contracts, which may weigh heavily on whether the agreements are

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY;
CASE NO.: 3:25-CV-03989-PHK

5

procedurally unconscionable. Furthermore, Plaintiffs should be afforded discovery regarding any contracts that Jump has not produced, which may modify or override the terms of these four contracts.[2] The need for this discovery defeats Jump's argument that a stay is warranted.

    *2. A Preliminary Peek at the Merits of the Motion to Compel Arbitration Reveals It Is Unlikely to Succeed*

The merits of Jump's motion to compel arbitration provides an additional basis to deny the requested stay—the motion faces near insurmountable odds. Rather than moving based on an agreement between Plaintiffs and Jump, Jump asks the Court to compel arbitration based on two agreements between a Jump subsidiary called Tai Mo Shan and Terraform Labs, and two agreements between Tai Mo Shan and Prime Trust. Dkt. 32 at pp. 19-20 (identifying the purported agreements) & 35-36 (arguing enforceability of the agreements against Plaintiffs). Neither of the two Defendants were parties to these agreements; none of the three Plaintiffs were parties to these agreements. In other words, Jump is asking the Court to force first parties to arbitrate with second parties based on contracts between third parties and fourth parties. Jump has advanced similar arguments, arguably with better facts, in multiple other cases and its motions have been denied at every turn. *See Patterson v. Jump Trading LLC*, 710 F. Supp. 3d 692 (N.D. Cal. 2024), *aff'd*, 2025 WL 215519 (9th Cir. Jan. 16, 2025) (denying Jump's motion to compel arbitration based on agreements to which it was not a party); *Kim v. Jump Trading, LLC*, 2025 WL 1359136, at *1 (N.D. Ill. May 9, 2025) (denying Jump's motion to compel arbitration of a third party's contract). The same outcome is almost certain here. Asking a court to compel arbitration with no discovery where no party to the litigation is a party to the arbitration agreement pushes the Federal Arbitration Act past its breaking point.

But push further Jump does, directing the Court to a decision in *Coinbase, Inc. v. Bielski*, which held that litigation in a district court was properly stayed pending appeal of a denial of a

---

[2] Plaintiffs prepared and served discovery requests on Jump concurrently with the preparation of this opposition. Osborne Dec. at ¶ 5. Ex. 1. Plaintiffs continue to evaluate the attached contracts and may seek additional discovery, including contention interrogatories as to each contracts' enforceability against Plaintiffs, and a deposition of the declarant Matthew Hinerfeld. *Id.*

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY;
CASE NO.: 3:25-CV-03989-PHK

motion to compel arbitration. 599 U.S. 736, 744 (2023). Jump claims that, under *Bielski*, the Court will inevitably have to stay this case at some point, so it might as well stay all discovery now. Granting a stay based on that argument would lead to an absurd outcome, incentivizing defendants to file even unwinnable motions to compel arbitration just for the sake of staying the matter, while leaving meritorious cases to linger on court dockets for years without so much as the exchange of initial disclosures. Jump is itself announcing in the Motion that it will appeal a denial of the arbitration motion—*regardless of the Court's reasoning*—to achieve a stay. This cannot be how the Supreme Court envisioned the *Bielski* opinion would be used. Even after *Bieslki*, whether to stay a matter pending appeal remains within the trial court's "sound discretion." *Rubke*, 2024 WL 4540756, at *3. Discovery in this matter should not be stayed.

**C. Jump's Motion to Dismiss Also Requires Discovery and Faces Possibly Insurmountable Challenges**

Filing a motion to dismiss does not "automatically stay discovery." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal 1990) ("[h]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect"). Again, when analyzed through the two-pronged test with the "preliminary peek" at the motion's merits described in *Serenium, Inc. v. Zhou*, Jump's motion to dismiss does not warrant staying discovery.

*1. The Motion to Dismiss Requires Discovery*

Jump's motion to dismiss should not operate to stay discovery because the motion itself demonstrates that discovery is necessary to test the pleadings. First, Jump claims it is not subject to personal jurisdiction in this Court. Dkt. 32 at p. 22. Jump has submitted, however, to jurisdiction in this Court in another matter. *See Patterson v. Jump Trading, LLC*, Case No. 22-cv-03600 (N.D. Cal.), Dkt. 115, Jump's Motion to Dismiss (moving for dismissal under Rule 12(b)(6) but not challenging personal jurisdiction). Moreover, Jump argued in a case venued in its home state of Illinois that the District Court in the Northern District of California does have jurisdiction over its conduct. *See Kim v. Jump Trading, LLC*, Case No. 23 CV 2921 (N.D. Ill.), Dkt. 28 at p. 8 ("There is *no dispute* that jurisdiction exists in the Northern District of California;

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY;
CASE NO.: 3:25-CV-03989-PHK

7

1  Jump Trading and Mr. Kariya do not contest personal jurisdiction in California for the purposes
2  of this case" (emphasis added)). Why this Court had undisputed jurisdiction in *Patterson* and
3  *Kim*, but has no jurisdiction in this case involving the collapse of the same asset, is a matter to be
4  scrutinized through discovery.
5      Second, Jump asks the Court to dismiss this case under Rule 12(b)(6) based on four
6  contracts totaling approximately 45 pages that Plaintiffs' complaint "appears to be referring to"
7  when it alleges breach of contract claims. *Id*. at 19; Dkt. 33-1 through 33-4. These contracts,
8  Jump claims, create no obligations for Jump to provide liquidity for TerraUSD. Dkt. 32 at p. 41.
9  But Plaintiffs' complaint alleges Jump entered "a series of agreements" from November 2019 to
10 July 2021 (Dkt. 1 at ¶ 5) that may have included written or oral contracts (*Id*. at ¶ 69). The four
11 contracts Jump claims control are all from July 2021 and after. Dkt. 32 at pp. 19-20. Jump fails
12 to show that no other relevant contracts exist, and is silent on whether there were other
13 agreements, oral or written, that required it to provide liquidity for TerraUSD. The full universe
14 of relevant agreements, and the surrounding facts that may affect their interpretation, should
15 come to light in the ordinary course of discovery. *Ciuffitelli v. Deloitte & Touche LLP*, 2016 WL
16 6963039, at *4 (D. Or. Nov. 28, 2016) (holding that discovery stay may be appropriate so long as
17 "the pending dispositive motion does *not* raise fact issues" (emphasis added)). This is precisely
18 why stays of discovery are "the exception to the ordinary rule that discovery may proceed, even
19 if a dispositive motion is filed." *Serenium, Inc.*, 2021 WL 7541379, at *1.
20     2. *A Preliminary Peek at the Merits of Jump's Motion to Dismiss Show It Is Unlikely to*
21        *Succeed*
22     Jump's motion to dismiss, like its motion to compel arbitration, faces a steep climb. It
23 first argues the Court lacks personal jurisdiction and this is the incorrect venue for this matter.
24 These arguments are unlikely to succeed and are inconsistent with Jump's prior consent to—and
25 even argument for—jurisdiction and venue within this judicial district in other matters relating to
26 the same asset. *See* section C.1., *supra*.
27     Jump next argues a novel application of the "first-to-file" rule, claiming Plaintiffs in this
28 matter should be precluded from suing Jump because they also sued Prime Trust in Nevada state

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY;
CASE NO.: 3:25-CV-03989-PHK

8

court for different conduct and under different theories of liability. *See* Dkt. 34-2 at pp. 28-37 (alleging violations of Nevada State fiduciary and consumer protection laws, but none of the breach of contract claims alleged here). The first-to-file rule has no application where a new case is filed against a completely different party. *Behring Reg'l Ctr. LLC v. Wolf*, 2021 WL 1164839, at *2 (N.D. Cal. Mar. 26, 2021) ("the Court is not aware of any [case] where a court transferred a case under the first-to-file rule when there was no overlap in parties on one side of the 'v'"). Furthermore, the evidence, witnesses, and legal issues in this matter have no overlap and create no conflict with the other matter, which is currently stayed pending Prime Trust's bankruptcy. Dkt. 34-3 at p. 11.

Lastly, Jump argues Plaintiffs' claims should be dismissed under Rule 12(b)(6). As laid out above, its motion is based entirely on four cherry-picked contracts and makes no reference to the full series of written and oral agreements from 2019 to 2021 that Plaintiffs allege were breached. It cannot make a showing, therefore, that Plaintiffs fail to state a claim for breach of those agreements.

**D. Jump Does Not, and Cannot, Demonstrate Discovery Is Disproportional**

Even where a party shows a motion is dispositive and requires no discovery, courts must still consider whether the movant "demonstrated good cause to stay discovery." *Smith v. Levine Leichtman Cap. Partners, Inc.*, 2011 WL 13153189, at *2 (N.D. Cal. Feb. 11, 2011) (denying motion to stay where two factors were satisfied but no good cause shown). "[V]ague articulations demonstrating nothing more than the traditional burdens of litigation" are not enough. *Optronic Techs., Inc.*, 2018 WL 1569811, at *1. Rather, courts require a "particularized showing" as to the burdens of the discovery being pursued. *Id.* at *2. A party seeking to stall discovery must show that their interests outweigh "the interests of Plaintiff, the public, and the court in maintaining an orderly and expeditious schedule." *See id.* at *2.

At a minimum, Jump's motion to stay must therefore be denied as premature. Jump can seek relief from discovery demands it considers unduly burdensome, but at present Plaintiffs have lodged only six requests Rule 34 document requests, each narrowly tailored to the factual issues raised in Jump's motion to dismiss and motion to compel arbitration.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY;
CASE NO.: 3:25-CV-03989-PHK

## CONCLUSION

Jump's Motion to Stay fails to meet this Court's standards in multiple respects, any one of which is grounds for denial. Plaintiffs respectfully request the Court deny the Motion and permit discovery to proceed.

Dated this July 23, 2025            ERICKSON KRAMER OSBORNE LLP

*/s/ Kevin M. Osborne*
Julie C. Erickson
Elizabeth A. Kramer
Kevin M. Osborne

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this July 23, 2025, the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY** was filed and served using the CM/ECF system, which will serve as notification of such filings on all counsel of record.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on July 23, 2025, at San Mateo, California.

*/s/ Kevin M. Osborne*
Kevin M. Osborne