Julie C. Erickson, State Bar No. 293111 (julie@eko.law)
Elizabeth A. Kramer, State Bar No. 293129 (elizabeth@eko.law)
Kevin M. Osborne, State Bar No. 261367 (kevin@eko.law)
**Erickson Kramer Osborne LLP**
959 Natoma St.
San Francisco, CA 94103
Phone: 415-635-0631
Fax: 415-599-8088

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN WARD, DAVID KREVAT, and NABIL MOHAMAD, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JUMP TRADING, LLC; JUMP CRYPTO HOLDINGS LLC; and DOES 1-10<br><br>Defendants. | Case No.: 3:25-cv-03989-PHK<br><br>**DECLARATION OF KEVIN M. OSBORNE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY TO COMPEL ARBITRATION**<br><br>Date:  October 9, 2025<br>Time:  1:30 p.m.<br>Dept:  Courtroom F, 15th Floor<br><br>Judge:  Hon. Peter H. Kang |

I, Kevin M. Osborne, hereby declare as follows:

1. I am a partner at the law firm of Erickson Kramer Osborne LLP ("EKO"), counsel of record for Plaintiffs Austin Ward, David Krevat, and Nabil Mohamad, individually and on behalf of others similarly situated ("Plaintiffs") in this action against Jump Trading, LLC, and Jump Crypto Holdings LLC ("Jump"). I have been actively involved in the litigation of this matter. I am admitted to practice before this Court and am a member in good standing of the bar of the State of California. I respectfully submit this declaration in support of Plaintiffs' Opposition to Jump's Motion to Dismiss or Alternatively to Compel Arbitration, Dkt. 32.

2. I make the following declaration based on my own personal knowledge and, where indicated based on information and belief, that the following statements are true.

3. On July 23, 2025 Plaintiffs served Request for Production of Documents to Defendant Jump Trading, LLC. These Requests were attached as an exhibit to the Parties Discovery Dispute Letter of August 27, 2025 (Dkt No. 45-1). In response to the Requests, Defendant Jump Trading, LLC served only objections.

4. On August 5, 2025, Plaintiffs served Interrogatories to Defendant Jump Trading, LLC, Dkt. 45-1. These Interrogatories were attached as an exhibit to the Parties Discovery Dispute Letter of August 27, 2025 (Dkt No. 45-1). In response to the Interrogatories, Defendant Jump Trading, LLC served only objections.

5. On August 1, 2025, Defendants served Plaintiff with a Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure. This Motion for Sanctions has not been filed. With the Motion for Sanctions, Defendants included an exhibit that purports to be a "Master Digital Currency Loan Agreement" Between Terraform Labs Limited ("TFL") and Tai Mo Shan Limited ("TMSL"), from November 2019, signed by Matthew Hinerfeld. Attached as **Exhibit 1** is a true and correct copy of that Master Digital Currency Loan Agreement.

6. Attached as **Exhibit 2** is a true and correct copy of a January 2020 email from Do Kwon produced in SEC's case against Terraform Labs, *Sec. & Exch. Comm'n v. Terraform Labs Pte. Ltd.*, No. 23-cv-1346-JSR (S.D.N.Y.) and publicly available from that case's online docket.

DECLARATION OF KEVIN M. OSBORNE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY TO COMPEL ARBITRATIONCASE NO.: 3:25-CV-03989-PHK
1

7. Attached as **Exhibit 3** is a true and correct copy of an August 2020 email from the former President of Jump Crypto Kanav Kariya to Do Kwan produced in SEC's case against Terraform Labs, *Sec. & Exch. Comm'n v. Terraform Labs Pte. Ltd.*, No. 23-cv-1346-JSR (S.D.N.Y.) and publicly available from that case's online docket.

8. Attached as **Exhibit 4** is a true and correct copy of a June 2021 email from Do Kwan to Kanav Kariya produced in SEC's case against Terraform Labs, *Sec. & Exch. Comm'n v. Terraform Labs Pte. Ltd.*, No. 23-cv-1346-JSR (S.D.N.Y.) and publicly available from that case's online docket.

9. Attached as **Exhibit 5** is a true and correct copy of a page from Prime Trust's website titled Managing Your Custodial Account that I viewed and saved on June 13, 2022.

10. Attached as **Exhibit 6** is a true and correct copy of Objections and Responses to Plaintiff's Special Interrogatories, Set One, served by Prime Trust, LLC on June 20, 2023 in the litigation *Ward v. Prime Trust, LLC*, No. 2:22-cv-02034-APG-EJY (D. Nev.).

11. Attached as **Exhibit 7** is a true and correct copy of the Third Amended Class Action Complaint in *Patterson v. Terraform Labs, Pte. Ltd.,* No. 3:22-cv-03600 (N.D. Cal. filed June 17, 2022), publicly available from that case's online docket.

12. Attached as **Exhibit 8** is a true and correct copy of the Operative Class Action Complaint in *Kim v. Jump Trading LLC*, No. 1:2-cv-02921 (N.D. Ill. filed May 9, 2023), publicly available from that case's online docket.

13. Attached as **Exhibit 9** is a true and correct copy of Defendant Jump Trading LLC's Motion to Transfer Venue to the Northern District of California Dkt. 28 in *Kim v. Jump Trading LLC*, No. 1:2-cv-02921 (N.D. Ill. filed June 9, 2023), publicly available from that case's online docket.

14. On September 5, 2025, I reviewed LinkedIn.com listings for individuals who report working for Jump Trading and Jump Crypto. Attached as **Exhibit 10** is a true and correct copy of a collection of individual LinkedIn profiles associated with Jump Trading or Jump Crypto.

15. On September 5, 2025, I reviewed JumpTrading.com. Attached as **Exhibit 11** is a true and correct copy of a page from that website that references travel grants for conferences in three

locations, including one in San Diego, California. Attached as **Exhibit 12** is a true and correct copy of a page from that website regarding three fellowships awarded by Jump, one of which was awarded to a person listed as located at Stanford University in Palo Alto, in California. Attached as **Exhibit 13** is a true and correct copy of a page from that website regarding its Privacy Policy with a specific heading for "Additional California Privacy Disclosures."

16. I coped and pasted the text from all the footnotes in Defendants' Motion to Dismiss or to Compel Arbitration into a single Word document, increased the size to 12-point font, and double-spaced it on 28-line pleading paper. It totaled just over 7 pages of text. Attached as **Exhibit 14** is a true and correct copy of Defendants' footnotes in full.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 8, 2025, in San Mateo, California.

> _/s/ Kevin M. Osborne_
> Kevin M. Osborne

**CERTIFICATE OF SERVICE**

I hereby certify that on this September 8, 2025, the foregoing **DECLARATION OF KEVIN M. OSBORNE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY TO COMPEL ARBITRATION** was filed and served using the CM/ECF system, which will serve as notification of such filings on all counsel of record.

/s/ Kevin M. Osborne
Kevin M. Osborne
ERICKSON KRAMER OSBORNE LLP
959 Natoma St.
San Francisco, CA 94103
Phone: 415-635-0631
Fax: 415-599-8088
kevin@eko.law

*Attorneys for Plaintiffs*